### J. M. COURTNEY, *Receiver*, v. THE CITY OF CHERRYVALE *et al.*

#### No. 243.

INJUNCTION — *General Creditor, Held not Entitled to.* Under the allegations of his petition, plaintiff is held to have been a general creditor of the city of Cherryvale, and not entitled to a perpetual injunction against the payment of a certain warrant drawn by said city upon its treasurer.

Error from Montgomery district court; J. D. Mc-Cue, judge. Opinion filed January 18, 1898. Affirmed.

*A. L. Wilson*, for plaintiff in error.

*McCue & McKinstry*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : The principal allegations of the petition of plaintiff, who sued as the receiver of an insolvent

water-works corporation, on behalf of its bondholders, to perpetually enjoin the payment of a warrant drawn upon the treasurer of a city of the second class and delivered by it to the corporation, and by the latter assigned to two of the defendants, were that the city had undertaken in the ordinance granting the water-works. franchise to pay hydrant rentals due from it to the trustee for the holders of bonds which might be issued by the water-works corporation ; that its bonds were thereafter issued and sold and the hydrant rentals paid by the city to the trustees for the holders of the bonds for more than five years ; that the corporation owed over $2000 as interest on the bonds, and the city more than $1300 as hydrant rentals ; that the city had legally created and set apart a special fund, called the "water fund," for the payment of hydrant rentals according to the terms of the ordinance, and that it had unlawfully and wrongfully issued the aforesaid warrant, which its treasurer threatened to pay and was about to pay out of said special fund, which payment, if made, would deprive plaintiff of that fund. The said provision in the ordinance is as follows :

"If the said water-works company shall issue bonds secured by mortgage or trust deed upon said water-works and appurtenances, then the money due or to become due for any hydrant rentals as aforesaid, or as much thereof as may be necessary, is hereby appropriated to the payment of interest on such bonds, and the city hereby agrees that its treasurer shall deposit the same where such interest is payable, to be applied on such payment."

The trust deed securing the bonds contained no reference to this ordinance. The warrant read : "Pay to Cherryvale Water and Manufacturing Company, or order, out of any funds in the treasury not otherwise

Courtney v. Cherryvale.

appropriated,'' etc.   At one end of the warrant were
the words ''water fund.''   The petition did not allege
that the bondholders were in any way induced or in-
fluenced to invest in the bonds by reason of the un-
dertaking on the part of the city, nor that they even
had any knowledge of the existence of the so-called
special fund.   It did not allege presentment of the
claim for hydrant rentals to the city, nor refusal by it
to pay the same, nor insolvency on the part of the
city.   Some of the usual averments in a petition for
an injunction were wanting.   The court sustained a
demurrer filed by Guernsey and the National Bank of
Independence, and entered judgment for the defend-
ants generally for the costs, although the other de-
fendants were in default.   The record does not show
that any proper exception was taken by plaintiff on
this point.

The basis of plaintiff's action was the promise of the
city to pay hydrant rentals at the place where the in-
terest on the bonds was payable, and its failure to
do so constitutes plaintiff's cause of action.   It was a
right arising solely out of the terms of the contract.
Unless the allegations of the petition showed clear
grounds for interference by injunction, the demurrer
was properly sustained.   We think that under those
allegations the plaintiff was a general creditor only,
and that the warrant was payable out of the general
revenue fund of the city.   We think also that the al-
legation in respect to the creation of a special fund
was not admitted by the demurrer, in the absence of
a statute authorizing the creation of such a fund, and
that the right of plaintiff to enjoin the payment of the
warrant in question out of the ''water fund,'' as-
suming that it was legally created, is not clear, as
there is nothing to show that the bondholders had

knowledge of or were influenced by the existence of that fund. It does not appear to have been in any way connected with the contract between the city and the water-works company, which was the foundation of the plaintiff's action. The judgment of the district court is affirmed.